

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-85,014-01, WR-85,014-02, WR-85,014-03, WR-85,014-04 AND WR-85,014-05

### EX PARTE BRANDON KEITH SKILLMAN, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W 380-80792-02-HC, W 380-80793-02-HC, W 380-80794-02-HC, W 380-82037-02-HC AND W 380-81221-01-HC IN THE 380TH DISTRICT COURT
### FROM COLLIN COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty to two charges of aggravated sexual assault of a child, one charge of sexual assault of a child, one charge of indecency with a child by contact, and one charge of indecency with a child by exposure. The trial court sentenced him to seventy-five years', twenty years', and ten years' imprisonment, to be served concurrently.

Applicant contends, among other things, that his counsel rendered ineffective assistance

because he failed to file an appellate brief, essentially abandoning Applicant's appeals. Trial counsel apparently agreed to represent Applicant on appeal, and timely filed notice of appeal. However, he failed to file an appellate brief or request an extension. The court of appeals ordered that the appeal be submitted without briefs, and subsequently issued a memorandum opinion affirming Applicant's convictions and sentences. *Skillman v. State*, Nos. 05-03-01031-CR, 05-03-01032-CR, 05-03-01033-CR, 05-03-01034-CR and 05-03-01035-CR (Tex. App. — Dallas, January 13, 2004) (not designated for publication).

The trial court has determined that counsel's failure to file a brief despite Applicant's wish to proceed with the appeal rendered the appellate process in these cases a "meaningless ritual." The trial court recommends that Applicant be granted relief in the form of an out-of-time appeal. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause Nos. 380-80792-02, 380-80793-02, 380-80794-02, 380-82037-02 and 380-81221-01 from the 380th District Court of Collin County. Applicant is ordered returned to that time at which he may give written notices of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentences had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file written notices of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed: July 27, 2016
Do not publish